UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK EDWARDS, as Personal Representative of the Estates of Ronald Bramlage, deceased; Rebecca Bramlage, deceased; Brandon Bramlage, deceased, Boston Bramlage, deceased, Beau Bramlage, deceased, and Roxanne Bramlage, deceased,

    Plaintiff,

vs.

PILATUS AIRCRAFT, LTD., a/k/a Pilatus Flugzeugweke Aktiengesellschaft, a Swiss company doing business in the United States, PILATUS BUSINESS AIRCRAFT, LTD., a Colorado corporation, HONEYWELL INTERNATIONAL INC., individually, and as successor to AlliedSignal Aerospace, Inc., and Bendix/King, a Delaware corporation, PRATT & WHITNEY CANADA, a Canadian corporation, ROSEMOUNT AEROSPACE, INC., d/b/a Goodrich Sensor Systems, a Delaware Corporation, LEACH INTERNATIONAL, a Delaware corporation, DRI RELAYS, INC., a Delaware corporation, GLENAIR, Inc., a California corporation, EPPS AIR SERVICE, INC., d/b/a Epps Aviation, Inc., and MARTIN AVIATION, INC., a California corporation,

    Defendants.

_____/

CASE NO.
8:14-CV-01326-VMC-MAP

**RESPONSE TO ORDER
TO SHOW CAUSE**

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Mark Edwards, responds to the Court's August 18th Order to Show why this action should not be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1332. (Doc. #30). As shown, there is complete diversity between the plaintiff and all defendants and the Court retains subject matter jurisdiction over the action.

1

## BACKGROUND

In 2012, six Kansas domiciled members of the Bramlage family perished in a Florida plane crash caused by a defective Pilatus PC-12 aircraft and its components. The PC-12 is principally manufactured by Pilatus Aircraft, Ltd., in Switzerland with final assembly by its Colorado subsidiary. The PC-12's engine is manufactured by Pratt & Whitney Canada in Quebec. While the Complaint adequately establishes the diversity of the domestic defendants,[1] Plaintiff has been Ordered to establish that the domiciles of the individual members of the two foreign defendants' are diverse, if they operate in a form equivalent to that of a U.S. limited liability company.

## RESPONSE

Like the domestic defendants, the two foreign defendants are also diverse. Pilatus Aircraft, Ltd., a/k/a Pilatus Flugzeugweke Aktiengesellschaft ("Pilatus") is a "corporation" organized under the laws of Switzerland and Pratt and Whitney Canada ("PWC") is a "corporation" organized under the laws of Canada. Though irrelevant to corporations, none of the officers or members of either of the foreign corporate defendants reside in Kansas.

## PILATUS

Pilatus has previously represented to this Court that it is "a stock corporation organized under the law of, and with its principal place of business and only offices located in, Stans, Switzerland."[2]  (**Exhibit 1**).

---

[1] See Complaint, paragraphs 8-13.
[2] Affidavit of Oskar Brűndler, Pilatus CFO and Senior Vice President, Exhibit "A" to Defendant Pilatus Aircraft LTD's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #59), in the pending matter of Dorsch v. Pilatus Aircraft Ltd., et al., Middle District of Florida case number 11-cv-441-EAK-MAP.

The Commercial Register of Canton Nidwalden (Switzerland), where Pilatus is headquartered, identifies the Defendant as "Pilatus Flugzeugweke AG". **(Exhibit 2).** "Flugzeugweke" translates in English to "Aircraft." The abbreviation, "AG", according to the Swiss-American Chamber of Commerce,[3] stands for "Aktiengesellschaft" which translates to "corporation" in English.[4] Swiss limited liability companies, in contrast, are denoted by "Gesellschaft mit beschränkter Haftung" which is abbreviated as "GmbH", or "Société à responsabilité limitée" or "Società a responsibilità limitata" both abbreviated as "Sàrl". While the registry identifies Pilatus as being a "limited or corporation," the word "limited" refers to "public limited company" which is distinct from a "limited liability company." This form of business organization is described as follows:[5]

> An Aktiengesellschaft (AG) [corporation / public limited company] (OR Art. 620 – 763) is always created through the amalgamation of several natural persons or legal entities. These contribute a certain amount of capital, which is broken down into the individual partial sums (shares). Together with the sole proprietorship (of which there are about 150,000), the AG is the most frequently found legal form in Switzerland (about 175,000), since it also offers quite a few advantages for small enterprises in matters of liability, capital regulations, etc. In the worst case, the shareholders lose only their share capital in the event of bankruptcy. The corporate assets are exclusively liable for the AG's accounts payable. If several parties are involved in the business enterprise, a shareholder commitment contract ensures clarity. In order to be able to implement the formation of an AG, at least one shareholder is required, in which case this can be natural persons or legal entities, or also other trading companies. The formation expenses are higher than with partnerships, and the formation procedure is also more expensive.

The above description of the "AG" (Corporation/ Public Limited Company) contrasts the following description of "GmbH" (limited liability company):

---

[3] http://www.amcham.ch.
[4] Wikipedia reflects that Aktiengesellschaft is the German word for corporation that is limited by shares, i.e., owned by shareholders, and may be traded on a stock market. The term is used in Germany, Austria, and Switzerland.
[5] http://www.swiss-company.ch/en/rechtsformen_ag.asp.

The Gesellschaft mit beschränkter Haftung [limited liability company] (GmbH) (OR Art. 772-827) stands for a mixture of the AG and general partnership. This legal form is ranked third in the Swiss corporate landscape with over 60,000 GmbHs, whereby the curve of new formations is rising sharply thanks to the low minimum capital of only CHF 20,000. The new GmbH law, which entered into force in the beginning of 2008, has rendered significant innovations with this legal form. According to the new GmbH law, if one or more natural persons or trading companies with a certain amount of capital become established as a firm, then a GmbH is created. Every shareholder with at least one original capital contribution is involved in the corporate capital (share capital). As of late, these are also negotiable. A written agreement between the respective parties suffices for this purpose. A public authentication is no longer stringently prescribed. The minimum share capital of CHF 20,000 has to be deposited to the full extent or covered through contributions in kind. The previous joint and several liability amongst the individual shareholders is omitted through the complete deposit of share capital. A maximum limit for the share capital has been eliminated in the course of this reform. The minimum investment per shareholder – in cash or as contribution in kind – is CHF 100, in which case the number of original capital contributions per shareholder is also no longer subject to any restriction. The owners of the respective contributions must be recorded by name in the commercial register.

The above establishes that Pilatus is a corporation – not a limited liability company. Though irrelevant with regard to corporate entities, the Registry identifies Pilatus' officers, none of whom reside in Kansas. Though Pilatus maintains an independent Colorado subsidiary, it operates as a separate U.S. corporation, (**Exhibit 1**) and its subsidiaries officers are not relevant to diversity jurisdiction. Hence, Pilatus is completely diverse from the Plaintiff.

## PRATT & WHITNEY CANADA

"Pratt and Whitney of Canada is a Canadian corporation with its principal place of business in Quebec." Grimandi v. Beech Aircraft, 512 F.Supp 764, 772 (D. Kansas 1981) (*emphasis added*).[6] Quebec's corporate registrar reflects that, since 2002, it has

---

[6] In Grimandi, PWC was sued in Kansas by French citizens for an aircraft crash in France. Id. at

4

been known as "Pratt and Whitney Canada CIE" and, in other language, "Pratt and Whitney Canada Corp."

| Identification de l'entreprise | |
|---|---|
| Numéro d'entreprise du Québec (NEQ) | 1143399898 |
| Nom | PRATT & WHITNEY CANADA CIE. |
| Version du nom dans une autre langue | PRATT & WHITNEY CANADA CORP. |

(Registraire des enterprises, Exhibit 4). The Registraire denotes PWC's "legal form" as "Société par actions ou compagnie" which translates to "corporation or company." See excerpt below.

| Legal form | |
|---|---|
| Legal form | Corporation or company |
| Date of Incorporation | Constitution 1980-02-29 |
| Constitutive system | CANADA: Canada Business Corporations Act Act, RSC (1985) c. C-44 |
| Current regime | Other Canadian law |

(**French Exhibit 3, English Exhibit 4**). Chapter C-44 is known by its short title as the "Canada Business Corporations Act."[7]

The description by the Ontario Registraire depicted below describes corporations under Canadian law. (Exhibit 4).

---

76. PWC challenged, in part, diversity under 28 U.S.C. §1332(a), which is not relevant here because it involved foreign plaintiffs and foreign defendants. Simon Holdings PLC Group of Cos. U.K. v. Klenz, 878 F. Supp. 210 (M.D. Fla. 1995)(*Aliens on both sides of a case destroy diversity*). Unlike Grimandi, the plaintiff here is a U.S. domiciliary.

[7] The Canadian government's website states: The Canada Business Corporations Act (CBCA) provides the basic corporate governance framework for many small and medium-sized Canadian enterprises as well as many of the largest corporations operating in Canada. Nearly 235,000 companies are incorporated under the CBCA, including over 700 distributing or publicly-held corporations. CBCA corporations make up approximately 50 percent of Canada's largest business corporations. http://www.ic.gc.ca/eic/site/cilp-pdci.nsf/eng/h_cl00022.html.

As a Canadian corporation, PWC is separate from its shareholders and has the same capacity to sue or be sued as would a normal person.

> **Business corporation**
>
> A business corporation (also called "corporation" or "legal person") is a separate legal entity and, accordingly, has its own specific rights and obligations.
>
> The purpose of a business corporation is to operate an enterprise in order to generate profits that will be distributed, if applicable, among its shareholders.
>
> A business corporation:
> - has an existence separate from that of its shareholders;
> - owns property in its own name;
> - acquires rights and assumes obligations and liabilities;
> - signs contracts through its directors;
> - may sue or be sued in the same way as a natural person.

Canada has limited partnerships, that can also be sued in the name of the partnerships, rather than in the name of its members. PWC's dossier lists a President, two Vice Presidents and a Secretary. All are listed as residing in Canada. (**Exhibit 4**). Under its federal charter, PWC is listed as an active "Federal" non-distributing corporation with 50 or fewer shareholders on Industry Canada, the country's government database. (**Exhibit 5**)

## Corporations Canada
### Federal Corporation Information - 620904
Glossary of Terms used on this page

**Corporation Number**
620904

**Business Number (BN)**
104349295RC0001

**Governing Legislation**
Canada Business Corporations Act - 1980-11-06

**Corporate Name**
Pratt & Whitney Canada International Inc.

**Status**
Active

All of PWC's listed directors appear to be residents of Canada.



(**Exhibit 5**). According to Canada's Ministry of Finance,[8] a corporation is described as an entity created by law, having a legal personality and existence separate and distinct from the personality and existence of those who caused its creation or those who own it. Where an entity has such a separate identity and existence, the CRA will consider it to be a corporation for taxation purposes under the Income Tax Act (Canada). The Canadian Business Network adds that "[a]s a shareholder of a corporation, you will not be personally liable for the debts, obligations or acts of the corporation.[9]

Though it has a separate corporate existence in Canada, PWC describes itself as a subsidiary of United Technologies Corporation:

> Pratt & Whitney Canada Corp. (P&WC), based in Longueuil, Quebec, is a global aerospace leader, shaping the future of business, helicopter and regional aviation with new generation engines. . . P&WC is a subsidiary of United Technologies Corporation, a high-technology company based in Hartford, Connecticut.

(**Exhibit 6**).

---

[8] In determining foreign law, the court may consider any relevant material or source, whether or not admissible under the Federal Rules of Evidence. Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1163, n.5 (11th Cir. Fla. 2009).

[9] Canada Business Network, an internet publication of the Government of Canada. **(Exhibit 6).**

7

However, PWC's relationship with its parent is irrelevant here. Courts routinely hold that when formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent. Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279,283 (6th Cir. 1990). Regardless, UTC is a Connecticut corporation, not a Kansas corporation. Grimandi, at 771.

PWC's directors all reside in Canada and its business organization is equivalent to that of an American corporation. As such, PWC is diverse to the Kansas Plaintiff.

## **Memorandum of Law**

Federal diversity jurisdiction exists if every plaintiff is diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A limited liability company is deemed a citizen of any state where a member of the company is a citizen. Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). However, "limited liability companies with foreign members (rather than American members living abroad) are foreign citizens." Meyn Am., LLC v. Omtron USA, LLC, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012) *citing* Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006). Under 28 U.S.C.A. § 1332(c), a foreign corporation is deemed to be a citizen of the state in which it has its principal place of business. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1560 (11th Cir. 1989). Thus, PWC is citizen of Canada and Pilatus is a citizen of Switzerland for purposes of diversity.

Because both operate as corporations and not LLCs, their directors' domiciles are irrelevant to the diversity analysis. However, it appears that, to the extent the

directors are publicly identified, they reside abroad and the failure to document this does not rise to a pleading defect. However, if the allegation is deemed necessary, district courts have held that such an omission warrants leave to amend to cure such deficiencies rather than a dismissal with prejudice. Meyn Am., LLC, *Supra* at 773.

## CONCLUSION

The Complaint sufficiently identifies the diverse domiciles of all defendants and Plaintiff has demonstrated good cause why this case should not be dismissed.

**SPOHRER & DODD, P.L.**

/s/ Barry Newman
Barry E. Newman, Esq.
Florida Bar No.: 246300
Robert F. Spohrer, Esquire
Florida Bar No.: 184500
701 W. Adams Street, Suite 2
Jacksonville, FL  32204
Telephone: (904) 309-6500
Facsimile: (904) 309-6501
bnewman@sdlitigation.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25 day of August, 2014, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will serve an electronic copy to all counsel of record.

/s/ Barry Newman
Barry E. Newman, Esq.
Florida Bar No.: 246300
Robert F. Spohrer, Esquire
Florida Bar No.: 184500
Spohrer & Dodd, P.L.
701 W. Adams Street, Suite 2
Jacksonville, FL  32204
Telephone: (904) 309-6500
Facsimile: (904) 309-6501
bnewman@sdlitigation.com
Counsel for Plaintiff